T.C. Memo. 1998-431


UNITED STATES TAX COURT


ALADAR AND ILONA G. STOLMAR, DECEASED, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket Nos. 18812-96, 18057-97.       Filed December 8, 1998.


Aladar Stolmar, pro se.

<u>Julia L. Wahl</u>, for respondent.


MEMORANDUM OPINION


CHIECHI, <u>Judge</u>:  Respondent determined the following defi-

ciencies in, and accuracy-related penalties on, petitioners'

Federal income tax for the years 1994 and 1995:

| Year | Deficiency | Accuracy-Related Penalty Sec. 6662(a)[1] |
|------|-----------|------------------------------------------|
| 1994 | $9,048 | $1,810 |
| 1995 | 5,650 | 1,130 |

We must decide whether the determinations in the notices of deficiency (notices) that have not been conceded by respondent should be sustained.  We hold that they should.[2]

Some of the facts have been stipulated and are so found.[3]

Petitioners Aladar Stolmar (Mr. Stolmar) and Ilona G. Stolmar, now deceased, resided in Canonsburg, Pennsylvania, at the time the petitions in these cases were filed.

Respondent determined in the notices, inter alia, that all of the expenses which petitioners claimed in Schedules C of the Federal income return (return) that they filed for each of the years 1994 and 1995 "have been disallowed due to your failure to

---

[1]  All section references are to the Internal Revenue Code in effect for the years at issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

[2]  Respondent issued a notice of deficiency to Aladar Stolmar and Ilona G. Stolmar for each of the years 1994 and 1995. They both filed a petition with respect to each of those notices. There-after, Ilona G. Stolmar died, and the Court granted respondent's motion to dismiss these cases for lack of prosecution as to Ilona G. Stolmar, deceased. Pursuant to this Opinion and the Court's Order dated Sept. 25, 1998, decisions will be entered under Rule 155 as to each petitioner in the same amounts for 1994 and 1995.

[3]  Respondent objected to certain of the stipulations of fact on grounds of relevancy, and petitioner Aladar Stolmar objected to certain other stipulations of fact on relevancy grounds.  We shall give the stipulations of fact whatever weight we deem ap-propriate in deciding these cases.

provide supporting information." According to Mr. Stolmar, he was never contacted prior to the respective dates on which the notices were issued, and therefore the statements in the notices about petitioners' failure to provide "supporting information" to respondent with respect to the expenses claimed in Schedules C of the returns in question are false. Mr. Stolmar claims that, consequently, the notices are null and void.

We disagree. Regardless whether respondent requested "supporting information" with respect to the Schedule C expenses at issue before the notices were issued, a trial before this Court is a proceeding de novo, and our determination as to Mr. Stolmar's tax liability must be based on the merits of these cases and not on any record developed at the administrative level. Greenberg's Express, Inc. v. Commissioner, 62 T.C. 324, 328 (1974). We conclude that the notices are valid and are not null and void. See id.

Mr. Stolmar has the burden to show that respondent's determinations in the notices are wrong. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Moreover, deductions are strictly a matter of legislative grace, and Mr. Stolmar must meet the statutory requirements for the Schedule C expense deductions claimed in the returns in question. INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992). Mr. Stolmar has not provided this Court with any evidence showing his entitlement to the Schedule C expense deductions that remain at issue or proving

that any of the other determinations in the notices that were not conceded by respondent are wrong.[4]  Accordingly, we shall sustain all of the determinations in the notices except those conceded by respondent.

To reflect the foregoing and the concessions of respondent,

<u>Decisions will be entered</u>

<u>under Rule 155</u>.

---

[4]  Although the parties stipulated into the record a copy of Mr. Stolmar's checkbook register for 1994, that document does not establish that any of the entries therein was for an expenditure that is deductible for Federal income tax purposes.